UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:16CR104 |
| | ) | |
| v. | ) | FACTUAL BASIS |
| | ) | |
| VU JOHNNIE NGUYEN | ) | |

NOW COMES the United States of America, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina, and John C. Cruden, Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice (collectively referred to as the "Government"), and the defendant, VU JOHNNIE NGUYEN, in person and through counsel, Willis Smith Brantley, to offer the following Factual Basis to the Court:

This Factual Basis does not attempt to set forth all of the facts known to the United States at this time. This Factual Basis is not a statement of the defendant, and, at this time, the defendant may not have provided information to the United States about the offense to which the defendant is pleading guilty, or the defendant's relevant conduct, if any.

By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to the Plea Agreement. The parties also agree that this Factual Basis may, but need not, be used by the United States Probation Office and the Court in determining the applicable advisory guideline range under the *United States Sentencing Guidelines* or the appropriate sentence under 18 U.S.C. § 3553(a). The defendant agrees not to object to any fact set forth below being used by the Court or the United States Probation Office to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a) unless the defendant's right to object to such particular fact is explicitly reserved below. The parties' agreement does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have agreed not to object and which are relevant to the Court's guideline computations, to 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

1. At all times pertinent to this matter, NGUYEN was a resident of Virginia.

2. At all times during these transactions, the black bear parts were located in and transported from Asheville, North Carolina.

3. Beginning in 2013 and continuing through 2014, a criminal investigator from the U.S. Fish and Wildlife Service (FWS) conducted a covert investigation into the illegal commercialization of American black bear parts. During this investigation, VU JOHNNIE NGUYEN contacted this investigator in or about December 2013 inquiring about purchasing bear gall bladders. The agent did not solicit the call.

4. As a result of this and subsequent calls in 2014 from NGUYEN, the defendant, on more than one occasion knowingly transported or caused to be transported American black bear parts, when he knew that such bear parts were sold or possessed in violation of state law or regulation.

5. Under Section 113-294(c)(1) of the North Carolina General Statute Article 22, "[a]ny person who unlawfully takes, possesses, transports, sells, possesses for sale, or buys any bear or bear part is guilty of a Class 1 misdemeanor, punishable by a fine of not less than two thousand dollars ($2,000) in addition to such other punishment prescribed for the offense in question. Each of the acts specified shall constitute a separate offense."

6. During the following occasions, NGUYEN transported or caused to be transported from the Western District of North Carolina to the State of Virginia, American black bear parts:

   a. On or about January 6, 2014, NGUYEN knowingly purchased and transported, or caused to be transported four American black bear gall bladders. NGUYEN told the agent to mail the gall bladders that were located in Asheville, North Carolina, to an address in Virginia Beach, Virginia. The address in Virginia belongs to NGUYEN's place of business. NGUYEN mailed a check (no. 3706) in an amount that exceeded $350.00 to the undercover agent's address in Asheville, North Carolina, as payment for the gall bladders;

   b. On or about March 5, 2014, NGUYEN knowingly purchased and transported, or caused to be transported four American black bear gall bladders. NGUYEN requested that the gall bladders be mailed to the same address in Virginia as the January 2014 transaction. The undercover agent subsequently received a check (no. 3512) in an amount that exceeded $350.00 from NGUYEN to the agent's Asheville, North Carolina, address as payment for the gall bladders;

   c. On or about December 17, 2014, NGUYEN knowingly purchased and transported ten American black bear gall bladders, sixteen American black bear claws, two American black bear paws, and approximately 50 pounds of American black bear meat. The bear parts were located in Asheville, North Carolina. Prior to the purchase, NGUYEN met the undercover agent at a Welcome Center located at 2294 US Highway 17, in South Mills, North Carolina. Following the purchase and exchange of money that exceeded $350.00 for the bear parts, NGUYEN left the area and drove into Virginia where he was pulled over by officers.

7. On or about February 11, 2014, during a cellular telephone call with the undercover agent, NGUYEN stated he wanted to buy bear front "feet" which people are asking him to buy for them. The agent clarified that front "feet" meant the bear's front "paw."

8. On or about March 9, 2014, during a cellular telephone call with the undercover agent, NGUYEN discussed his reason for wanting only big black bear gall bladders. He stated that for "those Asian people, the big one is better." He also stated that he lives in a small town in Virginia Beach where everyone knows each other and that he cannot sell to one person at one price and to another at a different price. He stated that he needed them (gall bladders) to be the same size so he could sell them at the same price as buyers did not like price differences.

9. On or about December 10, 2014, during a cellular telephone call with the undercover agent, NGUYEN inquired about buying black bear meat as he has "a guy, he wants to buy all fifty, fifty pounds."

[SPACE INTENTIONALLY LEFT BLANK]

10. On or about December 11, 2014, NGUYEN texted the undercover agent, "Pls [sic] bring all 10 B [gall bladders] down. I have this guy interest [sic] in a small one."

Respectfully submitted this 9th day of August, 2016

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

JOHN C. CRUDEN
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL
RESOURCES DIVISION
U.S. DEPARTMENT OF JUSTICE

DAVID THORNELOE
ASSISTANT U.S. ATTORNEY
WESTERN DISTRICT OF NORTH
CAROLINA

SHENNIE PATEL
TRIAL ATTORNEY
ENVIRONMENTAL CRIMES SECTION
U.S. DEPARTMENT OF JUSTICE

## Defendant's Counsel's Signature and Acknowledgment

8. I have read this Factual Basis, the Bill of Information, and the Plea Agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the Plea Agreement. I hereby certify that the defendant does not dispute this Factual Basis and understands that it may be used for the purposes stated above.

WILLIS SMITH BRANTLEY    8/5/2016
COUNSEL FOR DEFENDANT